## 45956. KELLUM v. THE STATE.

(371 SE2d 405)

SMITH, Justice.

The appellant, Bobby Eugene Kellum, was convicted and sentenced to a life imprisonment for malice murder and a consecutive five-year term for possession of a firearm by a convicted felon. We affirm.[1]

The appellant and victim had been involved in a volatile relationship involving "unfaithfulness" and drug abuse. The last violent episode ended when the appellant shot the victim in the back of the head, from a distance of about one to five feet, with a 16-gauge shotgun. The victim's brother and a friend witnessed the shooting. The appellant then fled the scene. Several days later, he voluntarily surrendered to the police and showed them where he had hidden the shotgun.

1. The appellant has repeatedly admitted shooting and killing the victim. However, he argues that the evidence only supports a conviction of voluntary manslaughter. A review of the evidence shows that a rational trier of fact could have found the defendant guilty as charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. The appellant asserts that the trial court erred in failing to sever the trial on the counts of murder and possession of a firearm by a convicted felon and that the trial court erred in not giving the jury limiting instructions under *Head v. State*, 253 Ga. 429 (322 SE2d 228) (1984).

a. There was no error in failing to sever the felony possession count as it was material to the count of murder. *Smith v. State*, 257 Ga. 468 (360 SE2d 591) (1987).

b. This case presents a unique situation because the murder victim was also the victim of the underlying felony supporting the felony possession count.[2] In *Head v. State*, supra, this court held that the trial judge shall instruct the jury to consider evidence of prior convictions relative only to the charge of possession of a firearm and not to the more serious charge of the indictment. The prior felony in this case was relevant, not only to the felony possession count, but also to the murder count as a similar transaction. Daniel, Georgia Handbook on Criminal Evidence, § 1-24, (1986). To give the limiting instructions for similar transactions, as well as those required by *Head v. State*,

---

[1] The crime was committed on May 8, 1987. The DeKalb County jury returned its verdict of guilty on September 30, 1987. A motion for new trial was filed on October 30, 1987, heard and denied on May 18, 1988. Notice of Appeal was filed on June 6, 1988 and amended on June 13, 1988. The transcript of evidence was filed on June 21, 1988. The record was docketed in this court on June 30, 1988. The case was submitted on August 12, 1988.

[2] The appellant was convicted of aggravated assault against the victim in 1983.

supra, would be contradictory and confusing to the jury. Thus, we hold that where evidence of a prior conviction is otherwise admissible under a legally recognized theory, then the limiting instructions required under *Head v. State*, supra, are inapplicable.

3. Finally, the appellant contends the trial court improperly recharged the jury on premeditation. During deliberations, the jury requested a definition of premeditation and a clarification of malice. The trial judge recharged the jury on malice and properly read the suggested pattern charge on premeditation. Suggested Pattern Jury Instructions, Vol. 2, p. 83 b. There was no error.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 16, 1988 —
RECONSIDERATION DENIED SEPTEMBER 28, 1988.

*J. M. Raffauf,* for appellant.

*Robert E. Wilson, District Attorney, Barbara B. Conroy, Assistant District Attorney, Michael J. Bowers, Attorney General, Eddie Snelling, Jr., Assistant Attorney General,* for appellee.