### 46110. REEVES v. THE STATE.
(373 SE2d 16)

MARSHALL, Chief Justice.

Lonnie Reeves appeals his conviction of malice murder, possession of a firearm by a convicted felon, and aggravated assault. He was sentenced to life imprisonment for murder, five years for possession of a firearm, and ten years for aggravated assault, the latter two sentences to run concurrently with each other and consecutive to the life term.[1] We affirm.

The 16-year-old aggravated-assault victim, Jerome Carter, was a boarder in Reeves' mother's residence. Carter awoke one morning, washed, and went to the kitchen to cook breakfast. Reeves and his wife were visiting in the house. Reeves' wife entered the kitchen, where she and Carter got into an argument about Carter's presence in the kitchen. Reeves entered the kitchen during the argument, and sat down. Carter pushed Reeves' wife as she reached for the hot skillet he was using. Reeves jumped to his feet, and pulled out a handgun. Reeves' wife told Reeves to shoot Carter, that Carter did not deserve

---

[1] The crimes were committed on December 6, 1987. Reeves was convicted on March 11 and sentenced on March 17, 1988. Notice of Appeal was filed on April 8, 1988. The transcript of evidence was filed on August 5, 1988. The record was docketed in this Court on August 9, 1988. The case was submitted on September 23, 1988.

to live. Reeves shot at Carter, who ran upstairs to call the police. Reeves threatened to go upstairs and shoot Carter if Carter did not leave the house. Reeves and his wife left the house. The police arrived in response to Carter's telephone call. Reeves' cousin, Donald Jones, the murder victim, was returning to the house from the store. The investigating officer saw Reeves draw a handgun and shoot Jones. Carter and a passerby also saw aspects of the shooting. Jones had no weapon, and had not motioned as if to reach for one. After *Miranda* warnings, Reeves admitted owning the handgun and shooting Jones. Medical evidence indicated that Jones died of the bullet wound. Ballistics evidence indicated that the bullet which killed Jones had been fired from Reeves' handgun. Reeves testified that he fired at Jones in self-defense.

1. The appellant first contends that the evidence was insufficient to sustain the convictions. Eyewitnesses saw Reeves shoot Jones under circumstances disproving self-defense beyond a reasonable doubt. Carter's testimony proved the aggravated assault. Reeves' previous felony conviction was proven, as was his possession of a firearm during the aggravated assault and murder. The evidence was sufficient under *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), to authorize any rational trier of fact to find the appellant guilty as charged.

2. The appellant urges that the trial court erred in denying his motion to sever the murder charges from the aggravated-assault charge. He argues that severance was mandatory because the murder and aggravated-assault charges involved different victims, occurred in different places, and had different results, and because the facts of the two offenses tend to overlap and confuse the jury as well as prejudice the appellant.

The offenses properly were tried jointly because they were of a similar character and were based on the same conduct or on a series of acts connected together. *Dingler v. State*, 233 Ga. 462, 463 (211 SE2d 752) (1975). The only real difference was that Reeves hit Jones, whereas he missed Carter. Denial of the motion to sever was not an abuse of the wide discretion the trial court had under the ABA Standards. *Johnson v. State*, 257 Ga. 731, 733 (363 SE2d 540) (1988).

3. The trial court did not err in refusing to sever the charge of murder from the charge of possession of a firearm on the ground that the prejudicial impact of evidence as to the latter charge outweighed its relevancy. The firearm-possession charge was an underlying offense for felony murder, for which he also was on trial. Evidence relating to his previous felony conviction (for voluntary manslaughter) was relevant to the firearm-possession offense. *Head v. State*, 253 Ga. 429 (3d) (322 SE2d 228) (1984).

4. Finally, Reeves contends that the trial court failed to give

proper limiting instructions regarding the firearm-possession offense and its underlying offense, the previous conviction of voluntary manslaughter.

> It is well recognized that when evidence is admitted for one purpose, as it was in the instant case, it is not error for the court to fail to instruct the jury to limit its consideration to the one purpose for which it is admissible, *in the absence of a request to so instruct the jury*. [Emphasis in original.]

*Harrell v. State*, 241 Ga. 181, 186 (2) (243 SE2d 890) (1978) and cits. Reeves was not entitled to limiting instructions because he did not request them. Moreover, the trial court gave limiting instructions on the proper use of the evidence of the previous felony. The error, if any, was harmless beyond a reasonable doubt.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 26, 1988.

*J. M. Raffauf*, for appellant.

*Robert E. Wilson*, District Attorney, *Barbara B. Conroy, James W. Richter, Eleni Ann Pryles*, Assistant District Attorneys, *Michael J. Bowers*, Attorney General, *Andrew S. Ree*, for appellee.