## 46636. FAIN v. THE STATE.
(386 SE2d 144)

BELL, Justice.

The appellant, Joseph Leland Fain, appeals his conviction and sentence for the malice murder of his wife, Janice D. Fain, and the possession of a firearm by a convicted felon. We affirm in part and reverse in part.[1]

On December 17, 1986, the appellant violently quarrelled with and beat the victim, who then left their residence. The couple quarrelled again when she returned the following evening. During the quarrel the appellant shot her twice, killing her. When the police arrived the appellant told them that his wife did not have a weapon when he shot her. At trial he contradicted what he told the police, testifying that he shot the victim in self-defense after she pulled a gun on him.

1. Fain was convicted of possession of a firearm by a convicted felon. OCGA § 16-11-131. He was a convicted felon when he shot his wife, but he contends that we should nevertheless reverse his convic-

---

[1] The crimes were committed on December 18, 1986. Fain was indicted in Gwinnett County on February 3, 1987. His trial began on September 14, 1987, and ended on September 18 with a verdict of guilty on both counts. On October 5, 1987, the court sentenced Fain to consecutive terms of life and five years. On October 15, 1987, Fain moved for a new trial. The court reporter completed certification of transcripts on June 20, 1988. The court denied the motion for new trial on December 19, 1988. Fain filed a notice of appeal on December 29, 1988. On January 18, 1989, the clerk of superior court certified the record, and on January 30, 1989, the clerk of this court docketed the appeal. The appeal was argued on April 10, 1989.

tion because he had a license to carry the firearm pursuant to OCGA § 16-11-129.

OCGA § 16-11-129 authorizes probate courts to issue licenses to carry pistols or revolvers. The statute provides that a probate court can issue a license to a convicted felon if the felony of which he was convicted was a nonforcible felony and if the felon has been "free of all restraint or supervision in connection therewith for at least five years." OCGA § 16-11-129 (b) (3). Although the appellant was convicted of a felony before he applied for his license, the felony was nonforcible and he had been free from all restraint or supervision in connection with the felony for at least five years when he applied for the license.

However, the statute under which Fain was convicted, OCGA § 16-11-131 (b), provides that "[a]ny person . . . who has been convicted of a felony by a court of this state . . . who . . . possesses . . . any firearm commits a felony." Moreover, § 16-11-131 (c) provides that

> This Code section shall not apply to any person who has been pardoned for the felony by the President of the United States, the State Board of Pardons and Paroles, or the person or agency empowered to grant pardons under the constitutions or laws of the several states or of a foreign nation and, by the terms of the pardon, has expressly been authorized to receive, possess, or transport a firearm.

We find that, although § 16-11-131 does not expressly refer to § 16-11-129 (b) (3), the clear impact of § 16-11-131 (b) and (c) is to implicitly repeal § 16-11-129 (b) (3). We therefore hold that a nonforcible felon who has been free of restraint or supervision for five years is not eligible to apply for a license to carry firearms unless he obtains a pardon within the meaning of § 16-11-131 (c). Absent a pardon, such an applicant commits a felony under § 16-11-131 (b) if he carries a firearm.

However, we further hold that by reason of the want of clarity created by the two statutes, we are concerned that it would violate due process to convict the appellant under § 16-11-131. We therefore reverse his conviction and sentence for that crime.

2. Having reviewed the evidence in the light most favorable to the verdict, we find that a rational trier of fact could have found beyond a reasonable doubt that the appellant was guilty of malice murder. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

3. The trial court's instructions to the jury regarding evidence of prior difficulties between Fain and the victim were not erroneous for the reasons alleged.

4. Fain asserts that the trial court erred by denying his motion to sever charges, but we find no error. *Head v. State*, 253 Ga. 429 (3d) (322 SE2d 228) (1984).

5. The trial court did not err by excluding evidence of police standards for use of deadly force by police officers. *Holiday v. State*, 258 Ga. 393 (8) (369 SE2d 241) (1988).

6. We find no merit in the appellant's contentions that the trial court erred by excluding psychiatric records of the victim.

*Judgment affirmed in part and reversed in part. All the Justices concur.*

DECIDED DECEMBER 5, 1989 —
RECONSIDERATION DENIED DECEMBER 20, 1989.

*L. David Wolfe*, for appellant.

*Thomas C. Lawler III*, District Attorney, *Debra K. Turner*, Assistant District Attorney, *Michael J. Bowers*, Attorney General, *Leonora Grant*, *C. A. Benjamin Woolf*, for appellee.

