S90A1076. KELLAM v. THE STATE.

(396 SE2d 894)

CLARKE, Chief Justice.

Appellant was convicted of the murder of fifteen-year-old Johnny Payne and of possession of a firearm by a convicted felon and sentenced to life imprisonment plus five years consecutive imprisonment.[1] Appellant and the victim became involved in an argument over a card game in which the appellant and the victim's parents were participating. There was testimony that appellant gathered up his winnings after a hand, stood up, and yelled "Boy, I will kill you, boy. I will kill you." Another witness heard appellant shout, "You're going out tonight."

Witnesses saw appellant pull out a pistol and shoot the victim following these remarks. Although appellant's defense was self-de-

---

[1] The crime was committed April 2, 1989. Appellant was indicted June 6, 1989. Appellant was convicted of malice murder, felony murder, and possession of a firearm by a convicted felon on November 7, 1989. He was sentenced to life imprisonment for malice murder and five years imprisonment for possession of a firearm by a convicted felon on November 7, 1989. A motion for new trial was filed November 28, 1989, amended April 9, 1990, and denied April 10, 1990. The transcript was certified February 6, 1990. The notice of appeal was filed and the case docketed in this court May 9, 1990. The case was submitted for decision June 22, 1990.

fense, no one but appellant testified that the victim ever took his hand out of his pocket. A knife was found by the body of the victim, but witnesses testified that it did not belong to the victim. Appellant admitted shooting the victim and admitted that he knew that as a convicted felon he was not allowed to carry a gun.

1. Reviewing the evidence in the light most favorable to the jury's verdict, we hold that a rational trier of fact could have found appellant guilty of the crime for which he was convicted beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant contends that the court erred in failing to grant a mistrial when the state referred to previous convictions in its opening statement. The appellant was indicted for malice murder, felony murder, possession of a firearm by a convicted felon, and was prosecuted as a recidivist. The state argues that reference to prior convictions in the opening statement was appropriate in explaining that the evidence would establish that the appellant was a convicted felon and a recidivist. In *Head v. State*, 253 Ga. 429 (322 SE2d 228) (1984), this court considered the prejudice inherent in admission of evidence of prior convictions to a defendant charged with both possession of firearms by a convicted felon and another crime. We found that fairness dictated that, when the charge of possession of a firearm by a convicted felon is not material to another more serious charge, the trial be bifurcated and the more serious charge tried first. However, we also found that where the charge of possession of a firearm by a convicted felon is *material* to the more serious charge (for example as the underlying felony in a charge of felony murder) bifurcation is not necessary. It is necessary, however, that upon request the trial court give limiting instructions that the jury only consider evidence of the prior convictions relative to the charge of possession. In this case the district attorney correctly described the proper limitations upon the jury's consideration of the previous convictions, and the court gave no further instructions. It is not clear from the transcript whether the court was requested to give further instructions. However, in view of the overwhelming evidence against the appellant, we find any error harmless.

Appellant also complains that the state was allowed to introduce over objection certified copies of convictions for possession of a firearm by a convicted felon based on a conviction for aggravated assault. Appellant did not object to the admission of the certified copy of the conviction for aggravated assault. In the charge the trial court did give instructions concerning evidence of similar transactions. We find no error.

3. Appellant contends that the court erred in allowing testimony as to various threats, boasts, and admission made by appellant. The

statements challenged are appellant's statements that he had shot a man for less than a dollar and had shot four men in all, and that he was going to kill somebody because prison did not affect him. These statements are not subject to a hearsay objection because they were not offered for the truth of their content. The statements were offered to prove that the defendant uttered them and not that he spoke truthfully. The statements are admissible to show appellant's state of mind. *Dover v. State*, 250 Ga. 209 (296 SE2d 710) (1982), U. S. cert. denied, 459 U. S. 1221 (1983). Additionally, they are admissible as statements against interest.

Appellant also complains of the admission of the threats and boasts he made because they were made some two to three weeks before the shooting and because they were not directed at the victim. This enumeration is without merit. The case appellant relies upon, *Barnes v. State*, 245 Ga. 609 (266 SE2d 212) (1980), in fact involved threats of a general nature made six weeks before the murder. There we found no error in the court's admitting these statements as relevant to motive, plan, intent, scheme, bent of mind, and course of conduct.

4. Finally, appellant contends that the court erred in its charge on self-defense when it said that self-defense "might" be a defense to malice murder but not to felony murder. The complaint concerns the word "might," which appellant insists should have been "is." However, when the charge is considered as a whole, it is clear that the use of the word "might" in no way limited the jury's duty to consider self-defense as a defense to malice murder. The charge as a whole was a correct charge on the defense of self-defense, and we find no error.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 18, 1990.

*Larsen & Flanders, H. Gibbs Flanders, Jr.*, for appellant.
*Ralph M. Walke, District Attorney, Peter F. Larsen, Assistant District Attorney, Michael J. Bowers, Attorney General, Mary H. Hines,* for appellee.