## S93A0043. BROWN v. THE STATE.
(428 SE2d 78)

SEARS-COLLINS, Justice.

The appellant, Bruce Theron Brown, was convicted of two counts of felony murder stemming from the slaying of Eun Hi Hodo, the underlying felony for one count being aggravated assault upon Ms. Hodo and the underlying felony for the other count being possession of a

firearm by a convicted felon. He was also convicted of the aggravated assault of Ms. Hodo, the aggravated assault of two other victims, and the possession of a firearm by a convicted felon. The trial court merged the felony murder counts and sentenced Brown to life imprisonment for felony murder. Brown received additional sentences on the three aggravated assault convictions and the firearm possession conviction. Brown appeals, and we affirm.[1]

Ms. Hodo was working in the Chestnut Supermarket as a cashier on August 28, 1991. At approximately 1:00 p.m., a person armed with a .22 caliber weapon entered the store and began firing, killing Ms. Hodo and nearly striking Leonard Song, the store's owner, and Andrew Song, Leonard's son.

Based on a tip, the police conducted a photographic array which included Brown's photograph. Leonard Song could not identify Brown as Ms. Hodo's assailant, but did identify Brown as the person who entered the store one week earlier and who, upon being refused the sale of beer without proof of age, became irate, cursing and throwing a piece of paper at Ms. Hodo. Both Andrew Song and Robert Grier, a store employee who was in the store when the shooting occurred, identified Brown as the gunman. A witness who was standing just outside the entrance to the store testified that he saw Brown fire shots as he backed out of the store's entrance. Another witness, Barnett Hardin, testified that Brown had asked him for a handgun the week before because the people at the store would not sell him beer. Hardin also added that on the day of the shooting he heard shots coming from the direction of the store and then saw Brown running from the direction of the store toward a MARTA station.

1. Considering the evidence in a light most favorable to the verdict, we conclude that a rational trier of fact could have found Brown guilty of all the offenses charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. In his first enumeration of error, Brown contends that the trial court erred by refusing to grant his motion to sever the possession of a firearm by a convicted felon count from the other counts. Since the possession count was material to the felony murder count, however,

---

[1] The crime occurred on August 28, 1991. Brown was indicted on November 22, 1991, for malice murder, two counts of felony murder, the underlying felonies being possession of a firearm by a convicted felon and aggravated assault upon the victim, respectively, possession of a firearm by a convicted felon and two aggravated assaults upon employees located nearby. The jury trial began on January 13, 1992, and concluded on January 16, 1992. Brown filed a motion for new trial on January 24, 1992, and an amended motion for new trial on June 23, 1992. On August 28, 1992, the trial court denied Brown's motion for new trial, as amended, and on September 1, 1992, Brown filed his notice of appeal to the Supreme Court of Georgia. The transcript was certified on October 6, 1992. The case was docketed in this court on October 8, 1992, and submitted for decision without oral argument on November 20, 1992.

the trial court did not err in refusing to grant the motion to sever. *Kellum v. State*, 258 Ga. 536 (2) (a) (371 SE2d 405) (1988).

Brown also contends that the court erred in failing to give an instruction limiting the jury's consideration of the possession count. In *Head v. State*, 253 Ga. 429 (322 SE2d 228) (1984), this court held that the trial court should give a limiting instruction on request, when possession of a firearm by a convicted felon and felony murder are tried together, but Brown made no such request in this case, and we have recently reaffirmed the requirement that limiting instructions must be requested for there to be error in failing to instruct. *Head v. State*, 262 Ga. 795 (426 SE2d 547) (1993).

3. We find no merit to Brown's second enumeration of error, in which he contends the trial court erred by failing to conduct an *evidentiary* hearing pursuant to Uniform Superior Court Rule 31.3 (B) to determine the admissibility of evidence of prior difficulties between Brown and the victim.

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 12, 1993 —
RECONSIDERATION DENIED APRIL 30, 1993.

*H. Clay Collins*, for appellant.

*Lewis R. Slaton, District Attorney, Charles W. Smegal, Leonora Grant, Assistant District Attorneys, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Peggy R. Katz, Staff Attorney*, for appellee.