A02A1166. CORDY v. THE STATE.

(572 SE2d 73)

ANDREWS, Presiding Judge.

Marion Cordy was found guilty by a jury of armed robbery, possession of a firearm during the commission of the robbery, and possession of a firearm by a convicted felon during the commission of the robbery. For the reasons stated below, we find no merit in the enumerations of error on appeal and affirm the judgment of conviction.

1. The evidence was sufficient to support the convictions. The victim testified at trial and identified Cordy as the man who robbed him of his wallet and car keys at gunpoint and identified Cordy's car as the same one driven by the robber. The State also introduced similar transaction evidence and testimony from an inmate confined with Cordy who testified that Cordy bragged to him that he robbed the victim. Finally, the State introduced evidence that Cordy was a convicted felon at the time he committed the present armed robbery. In his defense, Cordy produced alibi evidence that he was driving relatives to work at the time of the robbery. The State showed, however, that Cordy had originally claimed to be working at the time of the robbery, but abandoned that alibi when faced with proof that he was not at work. In rebuttal, the State also introduced evidence showing that, even if he had driven relatives to work as he claimed, this would not have prevented him from committing the robbery. The credibility of the witnesses and the weight to be given the evidence were matters for the jury. *Parker v. State*, 220 Ga. App. 303 (469 SE2d 410) (1996). The evidence was sufficient for a rational trier of fact to find Cordy guilty of the charged offenses beyond a reasonable doubt. OCGA §§ 16-8-41 (a); 16-11-106; 16-11-133 (b) (1); *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Cordy contends the trial court erred by admitting evidence of a prior related armed robbery and aggravated assault as a similar transaction because it was not sufficiently similar to the present armed robbery charge.

After a hearing held pursuant to Uniform Superior Court Rules 31.1 and 31.3, the trial court found pursuant to *Williams v. State*, 261 Ga. 640 (409 SE2d 649) (1991), that there was sufficient similarity between the earlier offenses and the present offense so that the former tended to prove the latter, and the former was admissible to show intent, course of conduct, and bent of mind. We agree. In both cases, Cordy, acting alone, approached a young male who was alone in an outdoor public place in daylight hours near where Cordy lived. There was evidence that Cordy waited in the area in both cases until the victim was alone and then confronted the victim in a threatening manner with a handgun and robbed the victim. A trial court's admission of similar transaction evidence will be upheld on appeal unless the ruling is clearly erroneous. *Garrett v. State*, 253 Ga. App. 779, 781 (560 SE2d 338) (2002). Under this standard, there was no error in admission of the similar transaction evidence.

3. Cordy claims the trial court erred by denying his motion to bifurcate the possession of a firearm by a convicted felon charge from the trial of the other two charges.

This claim is based on the concern that admission of prior convictions establishing that a defendant was a convicted felon, which are not legally material to the remaining charges, would erroneously place the defendant's character into evidence and prejudice the defendant's right to a fair trial. *Head v. State*, 253 Ga. 429 (322 SE2d 228) (1984); *Meredith v. State*, 211 Ga. App. 213, 214 (438 SE2d 644) (1993). In *Head*, the Supreme Court held that it was error for the trial court to refuse the defendant's request to bifurcate the possession count from the remaining counts where the prior convictions in support of the possession count were not legally material to the remaining robbery charge. *Head*, 253 Ga. at 431; *Baker v. State*, 214 Ga. App. 640 (448 SE2d 745) (1994). *Head* also established the rule that, in cases where a bifurcated trial is not required, the trial court must, upon request, instruct the jurors to properly limit their consideration of the evidence of the prior convictions. *Head*, 253 Ga. at 432; *Head v. State*, 262 Ga. 795, 798 (426 SE2d 547) (1993).

In the present case, Cordy's prior convictions were legally material to the remaining charges and admissible as similar transaction evidence. Accordingly, no bifurcation was required. See *Kellum v. State*, 258 Ga. 536 (371 SE2d 405) (1988), overruled on other grounds, *Head*, 262 Ga. at 798; *Tucker v. State*, 245 Ga. App. 551, 554 (538 SE2d 458) (2000). Moreover, as set forth in *Kellum*, 258 Ga. at 536-537, the trial court properly gave limiting instructions only for

similar transactions, and not those contemplated in *Head*, 253 Ga. at 432.

4. Cordy contends the trial court erroneously allowed the testimony of two alibi rebuttal witnesses because the State failed to comply with the notice requirements of OCGA § 17-16-5 (b).

Cordy objected at trial that one of the witnesses was not giving rebuttal testimony and was not listed as a witness for the State's case-in-chief. However, no objection was raised that the State failed to comply with the notice requirements of OCGA § 17-16-5 (b). Because Cordy did not raise this issue at trial and give the trial court an opportunity to exercise its discretion to devise an appropriate remedy under OCGA § 17-16-6, he cannot raise the issue for the first time on appeal. *White v. State*, 271 Ga. 130, 131 (518 SE2d 113) (1999).[1]

5. There is no merit to Cordy's contention that statements he made to police during custodial interrogation changing his alibi and admitting financial problems should have been excluded because his physical condition at the time rendered them involuntary.

The trial court conducted a hearing pursuant to *Jackson v. Denno*, 378 U. S. 368 (84 SC 1774, 12 LE2d 908) (1964), to determine whether the statements were voluntary. The interrogating officer testified that, before giving the statements, Cordy was advised of and waived his rights under *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966), that he understood the questions, and that he did not appear to be under the influence of drugs or alcohol or to be suffering from any physical or mental problems. The trial court determined that the statements were freely and voluntarily given. "A trial court's findings as to factual determinations and credibility relating to the admission of in-custody statements will be upheld on appeal unless clearly erroneous. [Cit.]" *Stephens v. State*, 170 Ga. App. 342, 343 (1) (317 SE2d 627) (1984). There was no error in the admission of the statements.

6. Cordy claims his convictions should be reversed because the prosecutor made four improper comments during closing argument.

Because Cordy failed to object at trial to three of these comments, he waived his right to raise objections to them on appeal. *Mullins v. State*, 270 Ga. 450 (511 SE2d 165) (1999).

Cordy objected that the prosecutor referred to matters not in evidence by stating that the inmate who claimed Cordy confessed the robbery could not have obtained this information from a pre-trial hearing transcript, as argued by Cordy, because only the lawyers had

---

[1] We will not address additional arguments made under this claim of error which have nothing to do with this or any other enumeration of error. *Arnold v. State*, 253 Ga. App. 307, 308, n. 1 (560 SE2d 33) (2002).

copies of the transcript. In response to this objection, the trial court instructed the jurors that argument of counsel was not evidence and that they should decide the case based on the evidence admitted at trial. Cordy did not object or move for a mistrial following this instruction, so he failed to preserve this issue for appeal. *Jones v. State*, 221 Ga. App. 374, 375 (471 SE2d 318) (1996).

7. There is no merit to Cordy's contention that the trial court erred in sentencing him to imprisonment for life without parole under the recidivist provisions of OCGA § 17-10-7 (b) (2). The State produced evidence that Cordy had previously been convicted in Florida of the offense of armed robbery, which if committed in this State would be a serious violent felony as defined in OCGA § 17-10-6.1 (a). *Smith v. State*, 241 Ga. App. 770, 771 (527 SE2d 608) (2000). Accordingly, upon conviction in the present case of armed robbery, another serious violent felony, the trial court was required under OCGA § 17-10-7 (b) (2) to impose a sentence of life without parole.

*Judgment affirmed. Phipps and Mikell, JJ., concur.*

DECIDED OCTOBER 4, 2002.

*Lawrence Lewis*, for appellant.

*Daniel J. Porter, District Attorney, Shampa Banerji, Assistant District Attorney*, for appellee.