## A03A0539. LAYE v. THE STATE.
(582 SE2d 505)

SMITH, Chief Judge.

Reginald Laye was charged by accusation with possession of cocaine with intent to distribute and possession of a firearm by a convicted felon. A jury found him guilty on both counts, and judgment of conviction and sentence were entered thereon. Laye's amended motion for new trial was denied, and he appeals. In his sole enumeration of error, he contends his trial counsel was ineffective because he failed to request an instruction informing the jury that it must limit its consideration of a prior felony conviction to the firearm charge. We do not agree, and for the following reasons we affirm.

Laye concedes that the trial was not bifurcated because he insisted that the two charges be tried together, notwithstanding his trial counsel's advice to the contrary. During the trial, the State presented evidence of a similar transaction: a prior conviction for possession of cocaine with intent to distribute. Before the State presented that evidence, the trial court gave the jury a limiting instruction. That instruction informed the jurors that Laye was on trial for the particular charges in the accusation and no others and that they should consider the evidence of prior conviction only for a limited purpose, since such evidence was admissible only to show his identity. Trial counsel did not request a second instruction informing the jury that it could consider the same prior conviction only for the limited purpose of supporting the firearms charge.

Under *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984), Laye must show both that trial counsel's performance was deficient and that the deficiency prejudiced his defense such that a reasonable probability exists that the outcome of the trial would have been different but for counsel's deficiency. Strategic and tactical decisions cannot constitute a denial of effective assistance of counsel. *Penaranda v. State*, 203 Ga. App. 740, 742 (4) (417 SE2d 683) (1992). At the hearing on the motion for new trial, trial counsel testified that he did not request a second limiting instruction because he did not want to draw attention again to the fact that Laye had a prior conviction for possession of cocaine with intent to distribute. The omission was therefore trial strategy and not evidence of ineffectiveness.

Laye argues that this case is controlled adversely to the State by *Harris v. State*, 252 Ga. App. 849 (557 SE2d 452) (2001). In *Harris*, we found ineffective assistance of counsel and reversed the conviction because the trial on the firearm charge was not bifurcated and no limiting instruction was given to the jury. In *Harris*, the defendant was charged with aggravated battery, aggravated assault, and possession of a firearm by a convicted felon. Trial counsel never

requested that the trial be bifurcated, and the State presented evidence of a prior conviction for possession of cocaine with intent to distribute to support the firearm charge. Harris contended that proof of that prior conviction placed his character in issue and also that counsel was ineffective for failing to move to bifurcate the trial on the firearm charge. Id. at 850 (1). This court agreed. Id. at 851-852.

But this case is very different from Harris. In *Head v. State*, 253 Ga. 429 (322 SE2d 228) (1984), the Supreme Court of Georgia held that when the prior convictions used to support a charge of possession of a firearm by a convicted felon are not legally material to the remaining counts, a trial court must bifurcate the firearm possession charge upon the defendant's request. Id. at 431-432. "*Head* also established the rule that, in cases where a bifurcated trial is not required, the trial court must, upon request, instruct the jurors to properly limit their consideration of the evidence of the prior convictions. [Cits.]" *Cordy v. State*, 257 Ga. App. 726, 727 (3) (572 SE2d 73) (2002). But when the prior felony supporting the firearm charge is also relevant, as a similar transaction, to the underlying charge being tried, giving "the limiting instructions for similar transactions, as well as those required by *Head v. State*, supra, would be contradictory and confusing to the jury." *Kellum v. State*, 258 Ga. 536-537 (2) (371 SE2d 405) (1988), overruled on other grounds, *Head v. State*, 262 Ga. 795, 798 (4) (426 SE2d 547) (1993). The instructions required under *Head* are therefore inapplicable "[when] evidence of a prior conviction is otherwise admissible under a legally recognized theory." *Kellum*, supra at 537 (2).

The latter was true in this case. Here, as in *Kellum* and *Cordy*, supra at 727-728 (3), evidence of the prior conviction was admissible as a similar transaction to the charge of possession of cocaine with intent to distribute. The limiting charge required by *Head*, supra, was therefore not required. It follows that trial counsel was not ineffective for failing to request such a charge.

*Judgment affirmed. Ruffin, P. J., and Miller, J., concur.*

DECIDED MAY 20, 2003.

*Jackie G. Patterson*, for appellant.

*Peter J. Skandalakis*, District Attorney, *Matthew T. McNally*, Assistant District Attorney, for appellee.