S06A1046. HOLSEY v. THE STATE.
(637 SE2d 32)

BENHAM, Justice.

James Holsey appeals from his convictions for malice murder, aggravated assault, possession of a firearm by a convicted felon, possession of a firearm during the commission of a crime, and

kidnapping.[1] The evidence at trial in the form of testimony from Holsey's wife, others present at the scene, and law enforcement officers showed Holsey called his wife from the home where they lived with their child and her four other children. After they argued about her having lunch with her work supervisor, she returned home. Holsey approached his wife outdoors when she arrived and began to berate her. At her request, they went indoors where he continued "fussing." Her brother, Ronald Robinson, was already present because Ms. Holsey called him on her way home, told him about the argument, said she was going to leave Holsey, and asked him to go to the house and remove the children. While Holsey and his wife were in the living room and dining room, Robinson stood in an adjacent hallway eating a piece of chicken. Holsey walked from the living room into the hallway, took a pistol from his pocket, and shot Robinson behind an ear, killing him. When Holsey's wife ran outside after the shooting, he pursued her, assaulted her, dragged her into the house by her hair, beat her with the gun and a fist, then tried several times to shoot her, failing because the pistol misfired. He then left with his infant, but eventually surrendered to the police later the same day and gave a statement admitting the offenses. Evidence of Holsey's prior convictions for violations of the Georgia Controlled Substances Act was admitted in support of the charges of possession of a firearm by a convicted felon and one felony murder count for which the possession charge was the underlying felony. In his testimony at trial, Holsey set out a different version of events in which his wife and Robinson, a drug dealer, threatened Holsey's life; Robinson assaulted Holsey; and Holsey shot Robinson with Robinson's own pistol which Holsey, in anticipation of an attack, had retrieved from a closet where

---

[1] The offenses involved here were committed on July 31, 2002, and Holsey was arrested that day. A Muscogee County grand jury returned a true bill on November 26, 2002, charging Holsey with malice murder, felony murder (aggravated assault), felony murder (possession of a firearm by a convicted felon), aggravated assault, possession of a firearm by a convicted felon, possession of a firearm during commission of a crime, kidnapping with bodily injury, and recidivism. A jury trial conducted January 27-29, 2003, resulted in a verdict of guilty on all counts. The trial court sentenced Holsey on January 31, 2003, to life imprisonment for murder and kidnapping with bodily injury; to five years' imprisonment for possession of a firearm by a convicted felon, to be served concurrently with the murder sentence; to twenty years for aggravated assault, ten to serve, consecutive to the murder sentence; and to five years for possession of a firearm during commission of a crime, consecutive to the aggravated assault sentence. The felony murder convictions were vacated by operation of law upon the sentencing for malice murder. *Malcolm v. State*, 263 Ga. 369 (4) (434 SE2d 479) (1993). Holsey filed a timely motion for new trial on February 28, 2003, which the trial court heard on June 17, 2005, and denied by an order filed December 6, 2005. The order denying the motion for new trial vacated the life sentence for kidnapping with bodily injury and imposed a twenty-year sentence for kidnapping concurrent with the murder sentence. Pursuant to a notice of appeal timely filed on December 28, 2005, the appeal was docketed in the Court of Appeals on January 13, 2006, transferred to this Court on February 20, 2006, and submitted for decision on the briefs.

he said Robinson, who had previously lived in the house and still came and went at will, kept drugs. The jury found Holsey guilty of all counts in the indictment.

1. The evidence adduced at trial and summarized above was sufficient to authorize a rational trier of fact to find Holsey guilty beyond a reasonable doubt of the offenses of which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. During cross-examination of a witness who was present at the scene of the crimes, Holsey's trial counsel attempted to impeach the witness with an allegedly inconsistent statement. The trial court sustained the State's objection that the defense would have to introduce the statement into evidence before using it for impeachment. Defense counsel noted an exception to the ruling and continued cross-examining the witness without using the statement.

The trial court's ruling was error because there is no requirement in Georgia law that a witness's prior inconsistent statement be admitted into evidence prior to its use for impeachment. *Duckworth v. State*, 268 Ga. 566 (1) (492 SE2d 201) (1997). However, considering that the allegedly inconsistent statement concerned only a fine distinction whether, prior to Holsey's wife's arrival, Holsey and the murder victim argued with each other or Holsey alone yelled at the victim, we conclude the trial court's error did not contribute to the verdict and was, therefore, harmless. Id. at 569-570.

3. During the charge conference, trial counsel orally requested a charge limiting the jury's consideration of evidence of Holsey's prior felony conviction to the possession charge, then submitted a written request which the trial court modified and read to the jury. The instruction informed the jury evidence of prior convictions had been admitted, sometimes evidence is to be considered only for the purpose for which it was admitted, and the evidence of prior convictions in this case was to be considered only with regard to the offenses charged in the indictment. Holsey contends on appeal the charge was inadequate because it did not limit consideration of the evidence to the firearm possession charge alone.

We agree with Holsey the charge was not proper. In *Head v. State*, 253 Ga. 429, 432 (3) (d) (322 SE2d 228) (1984) (overruled on another ground, *Ross v. State*, 279 Ga. 365 (2) (614 SE2d 31) (2005)), this Court established the rule that when a charge of possession of a firearm by a convicted felon might be material to another charge, e.g., serving as the underlying felony for felony murder, the trial court, upon request,

> shall instruct the jury that the only purpose for which they are permitted to receive evidence of prior convictions is relative to the charge of possession, and that they may not

consider evidence of prior convictions in determining guilt or innocence on the more serious charge, except as such evidence might be material in considering a lesser included offense.

Id. The instruction given in the present case did not limit consideration of the prior conviction to the possession charge but told the jury it could consider the evidence in relation to all the charges in the indictment. Thus, the instruction violated the rule stated in *Head v. State,* supra, and was error. However, we conclude the error was harmless because the overwhelming evidence of Holsey's guilt makes it highly improbable the jury's verdict would have been affected by the error. *Kellam v. State,* 260 Ga. 464 (2) (396 SE2d 894) (1990).

4. Finally, Holsey contends his trial counsel provided him with ineffective assistance by failing to request an adequate charge on the limits to consideration of his prior conviction.

To prevail on a claim of ineffective assistance of trial counsel, appellant must show counsel's performance was deficient and that the deficient performance prejudiced him to the point that a reasonable probability exists that, but for counsel's errors, the outcome of the trial would have been different. [Cits.]

*Myers v. State,* 275 Ga. 709, 713 (4) (572 SE2d 606) (2002). Having found in the previous division of this opinion that the overwhelming evidence of Holsey's guilt rendered it highly improbable that the actual error in the jury charge affected the jury verdict, we are constrained by reason to hold that trial counsel's role in producing that error does not raise a reasonable probability that but for counsel's deficient performance, the outcome of the trial would have been different. Since we have concluded Holsey cannot show sufficient prejudice from the alleged deficient performance of trial counsel, we need not consider whether trial counsel's performance was actually deficient. *Williams v. State,* 277 Ga. 853 (6) (a) (596 SE2d 597) (2004).

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 30, 2006.

*Clark C. Adams, Jr.,* for appellant.
*J. Gray Conger, District Attorney, Jarrell H. Palmer Schley, Assistant District Attorney, Thurbert E. Baker, Attorney General, Laura D. Dyes, Assistant Attorney General,* for appellee.