### 45412. BROWN v. THE STATE.
(366 SE2d 668)

MARSHALL, Chief Justice.

John Henry Brown appeals his conviction of the malice murder of Sara Ann Brown and his life-imprisonment sentence.[1] We affirm.

There was evidence that Brown and his victim lived with her father, her child, and Alene Haugabrooks. The victim and Ms. Haugabrooks were drinking wine in "Bear's" backyard when the appellant approached and told the victim to leave. A scuffle ensued between Brown and the victim, during which she cut him with a knife and kicked him in the groin. Both were examined and treated at the hospital. She received a medication for her bruised hands, thighs, and lower back. His deep shoulder-blade laceration was stitched. He was standing at the door of their residence when Ms. Haugabrooks, the victim, and her father returned home. The victim demanded that he collect his clothing and leave, which he did. That night, while she was seated in the house with her back to a window, a shot was fired through the window from outside. The victim's father went outside and observed the appellant running from the scene with a rifle in his right hand. Investigating officers found bloodstains on the floor and a

---

[1] The crime was committed on June 21, 1986. Brown was convicted and sentenced on November 11, 1986. A motion for new trial was filed on December 1, 1986, heard on October 2, 1987, and denied on November 16, 1987. The transcript was filed in the trial court on July 16, 1987. On December 23, 1987, Brown filed a motion for re-entry of the order denying his motion for new trial, on the ground that he had not been served with said order, which motion was granted on January 6, 1988. A notice of appeal was filed on January 6, 1988. The case was docketed in this Court on January 15, 1988, and submitted for decision on the briefs without oral argument on February 26, 1988.

small hole in the window screen. Medical testimony indicated that the victim died from a single .22-caliber bullet wound to the back of her head. Ballistics testimony indicated that the bullet removed from her head possibly had been fired from the .22 rifle recovered by investigating officers from the appellant's new residence. The appellant was heard to admit that he shot the victim, although he testified that he did not intend to do so and did not remember firing the rifle. He apparently became angry because neighbors were laughing at him for being thrown out, and because the victim went out by herself because she was of the opinion that he was "too old."

1. Brown first argues that the rifle was the product of an illegal, custodial interrogation and, hence, should have been suppressed. He contends that the state failed to prove that he made a knowing and intelligent waiver of his *Miranda* rights, proving only that he waived his "rights," whatever that may mean. However, the weapon was not solely the product of a custodial interrogation; several witnesses to the crime reported that the appellant had fled the crime scene carrying the rifle, and after signing the "consent to search" form, the appellant voluntarily offered the information that the weapon was under his bed. Moreover, the state proved during the *Jackson v. Denno* hearing that he was read his "rights" from a "waiver of counsel" form, which he declined to sign. The form was in evidence. The trial court found that the "rights" he was read were *Miranda* rights. Although Brown contends that the police did not stop questioning him when he stated that he wished to be silent, the state proved that he never requested an attorney or declined to answer the questions of the investigating officers. His refusal to sign the "waiver of counsel" form is not tantamount to invocation of his rights, and he voluntarily signed a "consent to search" form. See *Mitchell v. State*, 254 Ga. 353 (7a) (329 SE2d 481) (1985) and cit. "[W]e are bound to accept the trial court's decision on questions of fact and credibility at a suppression hearing unless clearly erroneous, [cit.]." *Williams v. State*, 256 Ga. 609 (1) (351 SE2d 454) (1987) and cit. The decision here was not clearly erroneous.

2. The trial court did not err in failing to give an unrequested charge on the defendant's sole defense of self-defense, as that defense involves a reasonable belief that deadly force against the defendant or a third person is imminent. The evidence here was that the defendant shot the unarmed victim through a window while she had her back to him and was threatening no one. See *McDaniel v. State*, 257 Ga. 345 (4) (359 SE2d 642) (1987).

3. The trial court's instruction to the jury, that they *shall* find the defendant guilty of murder *if* they found a sufficient interval between the provocation and the killing, when considered in the context of the charge as a whole, did not unconstitutionally shift the state's

burden of proof to the appellant. The instruction correctly stated the law as contained in OCGA § 16-5-2 (a), and the trial court properly instructed the jury on the defendant's presumption of innocence and the state's burden of proof.

4. Finally, the appellant contends that the trial court should have recharged on the state's burden of proof and the presumption of innocence during its recharge that "It is a question for the jury to determine whether the facts of this case meet the standard set by law, and if you find the defendant killed the deceased, it is for you to say whether the defendant acted from passion or revenge." He argues that the only options available to the jury under this recharge were voluntary manslaughter or murder.

> Where the jury, after having been charged by the court, returns into court and requests an instruction upon a specific question, it is not error for the judge to confine his instruction to the specific point suggested by the jury's inquiry. [Cits.] It is within the court's discretion to recharge the jury in full or only upon the point or points requested. [Cits.] . . . [Cit.] *Dyer v. State*, 167 Ga. App. 310, 311 (306 SE2d 313) (1983).

The jury having requested a recharge solely as to the offenses of voluntary manslaughter and murder, the trial court did not abuse his discretion in confining his instruction to those specific points. Moreover, immediately after giving this recharge, the trial court stated the following:

> Obviously, I have not recharged you on every other [principle] of law, and by this recharge, I'm not emphasizing to you this particular part of it and please take this recharge in connection with all of the other [principles] of law I have previously given you in charge. You may retire.

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 6, 1988.

*Cramer, Weaver & Edwards, Christopher C. Edwards,* for appellant.

*Johnnie L. Caldwell, Jr., District Attorney, Michael J. Bowers, Attorney General, Andrew S. Ree,* for appellee.