## S93A0423. WILLIAMS v. THE STATE.
(429 SE2d 512)

HUNT, Presiding Justice.

Barry Williams was convicted of malice murder, felony murder, and possession of a firearm by a convicted felon. He appeals, and we affirm.[1]

David McEntire, the victim, and Marion Williams, the defendant's wife, had sexual intercourse. There was conflicting testimony both as to whether the sexual encounter was adultery or rape, and as to the source of injuries suffered by Marion Williams. Three days after this episode, the defendant got off work in the early morning hours, bought beer and went with friends to the victim's house. He left but returned with a shotgun, which he fired through the glass part of the front door. The victim was hit by the blast from the shotgun and died while his wife was calling the police.

---

[1] The homicide occurred on December 11, 1990. Williams was found guilty of malice murder, felony murder, with criminal damage to property in the first degree specified as the underlying felony, and possession of a firearm by a convicted felon. He was sentenced to life imprisonment for murder and five years for possession of a firearm by a convicted felon, sentences to be served concurrently. Motion for new trial was filed on December 10, 1991, and denied on October 15, 1992. The defendant filed notice of appeal in this court on November 10, 1992, and the appeal was docketed on December 14, 1992. The case was submitted for decision on brief by the defendant and argued by the State on February 9, 1993.

1. The defendant contends that the trial court erred in overruling his motion for bifurcated trial of the murder and possession of a firearm by a convicted felon charges. We have held that

> [i]n cases where the count charging possession of a firearm by a convicted felon might be material to a more serious charge — as, for example, where the offense of murder and possession are charged in one indictment, and the possession charge might conceivably become the underlying felony to support a felony murder conviction on the malice murder count of the indictment — the trial need not be bifurcated.

*Head v. State*, 253 Ga. 429, 432 (322 SE2d 228) (1984). Thus, there is no merit to this contention. Contrary to defendant's argument, our holding in *Ford v. State*, 262 Ga. 602 (423 SE2d 255) (1992), has no application in this case.

2. The defendant enumerates as error the trial court's failure to give a limiting instruction concerning the admission into evidence of his felony record. Upon tender of his prior record into evidence, the defendant neither objected nor made a request for a limiting instruction. Accordingly, there was no error. *Jones v. State*, 242 Ga. 893, 896 (252 SE2d 394) (1979). In addition, the record shows that the defendant himself testified that he was a convicted felon and that he knew that as such he was not to possess a firearm.

3. The defendant contends that the trial court erred in instructing the jury that it could consider voluntary manslaughter only after acquitting him of murder as such a sequential charge violates our holding in *Edge v. State*, 261 Ga. 865 (414 SE2d 463) (1992). As we have recently observed, where a defendant has been convicted of malice murder, this argument is inapt. *Head v. State*, 262 Ga. 795, 800 (426 SE2d 547) (1993) (Hunt, P. J., concurring).

> Malice murder, both by statutory definition and by the court's jury instructions in this case, excludes as a matter of law any consideration of voluntary manslaughter. Malice murder simply negates the element of mitigation, precluding a finding by the jury of voluntary manslaughter. This is so because the jury, in order to return a verdict of malice murder, necessarily decides that the killing was done without mitigation or provocation.

Id. See also *McGill v. State*, 263 Ga. 81 (428 SE2d 341) (1993); *Shaw v. State*, 263 Ga. 88 (428 SE2d 566) (1993).

4. The defendant argues that the trial court erred in re-charging the jury on malice murder and not on manslaughter since, by restricting the re-charge to malice murder, the trial court highlighted the of-

fense of murder, intimated its opinion of the case, and denied the defendant due process of law. We find no merit to this contention. First, when a jury, after being charged, returns into court and requests instructions on a specific question, a judge does not err in limiting his instructions to the specific point raised by the jury's inquiry. *Brown v. State*, 258 Ga. 152, 154 (366 SE2d 668) (1988). Second, the trial court, after re-charging as to malice murder, told the jury:

> Now, by giving you these additional instructions on malice, as requested by you, it is not meant or intended in any way to give to this instruction I've just given you any added emphasis in any way. All of the Court's instructions that I have given you as to what the law is are equally important, including, of course, the law with reference to malice murder, and you must consider all of the Court's instructions in arriving at a verdict in connection with this case, not just those instructions that I have just given you.

Such instructions are similar to those approved in *Brown*, supra.

5. The defendant next contends that the trial court erred in allowing the State to cross-examine him as to allegations that he had beaten his wife Marion. The record shows that at trial the defendant elicited a significant amount of testimony regarding the victim's alleged beating and rape of Marion Williams. However, as there was also substantial circumstantial evidence that the sexual contact between the victim and Marion Williams was adultery and not rape, and that because of the adultery Marion Williams had been beaten by the defendant rather than the victim, the State sought to develop, on cross-examination, evidence as to these issues. "A party cannot complain about evidence brought out in cross examination where the evidence was first explored on direct examination. [Cits.]" *Hughes v. Newell*, 152 Ga. App. 618, 623 (263 SE2d 505) (1979).

6. Williams contends that the trial court erred in charging the jury that a killing in the spirit of revenge for a past wrong cannot be justified since, without a counterbalancing charge on what constitutes justifiable homicide, the trial court expressed an opinion as to what the evidence had proven. This instruction is taken from Suggested Pattern Jury Instructions and is in keeping with instructions which have been approved by this Court. See, e.g., *Burger v. State*, 238 Ga. 171, 172 (1) (231 SE2d 769) (1977). Williams did not seek instructions on justifiable homicide, none were given, and this particular instruction was consistent with the voluntary manslaughter instruction that he requested and that specifically states:

> If there should have been an interval between the provoca-

tion and the killing sufficient for the voice of reason and humanity to be heard . . . the killing shall be attributed to deliberate revenge and punished as murder.

There was no error.

7. Finally, the defendant contends that the trial court erred in refusing to charge the jury on the offense of involuntary manslaughter. To warrant instructions on involuntary manslaughter, there must be evidence that death occurred unintentionally from an unlawful act other than a felony. *Byrer v. State*, 260 Ga. 484, 486 (397 SE2d 120) (1990). The defendant testified that he went to the victim's house and fired a shotgun through the front door when he saw the victim approach the door. Such conduct is not "an unlawful act other than a felony." It is, indeed, felonious, involving either an aggravated assault or, at the least, criminal damage to property in the first degree. OCGA § 16-7-22 (a). Williams, therefore, was not entitled to a charge on involuntary manslaughter.

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 24, 1993.

*Nina M. Svoren,* for appellant.
*Michael H. Crawford, District Attorney, Michael J. Bowers, Attorney General, Harrison W. Kohler, Senior Assistant Attorney General,* for appellee.