S93A1557. JACKSON v. THE STATE.
(435 SE2d 442)

CARLEY, Justice.

After a jury trial, appellant was found guilty of felony murder, possession of a knife during the commission of a crime, aggravated assault with a deadly weapon, and aggravated assault. The aggravated assault with a deadly weapon count was merged into the felony murder count and appellant was sentenced to life for the felony murder and a term of years on the other two counts. Her motion for new trial was denied and she appeals.[1]

1. The trial court's original charge complied with the requirements of *Edge v. State*, 261 Ga. 865, 867 (2), fn. 3 (414 SE2d 463) (1992): "[T]he jury should be admonished that if it finds provocation

_____

[1] The crimes occurred on August 31, 1991. Appellant was indicted on December 2, 1991. The verdict was returned on February 26, 1992. Appellant's motion for new trial was filed on March 26, 1992 and denied on June 18, 1993. Appellant's notice of appeal was filed on June 29, 1993. The instant appeal was docketed on July 19, 1993 and submitted for decision on September 3, 1993.

and passion with respect to the act which caused the killing, it could not find felony murder, but would be authorized to find voluntary manslaughter." In a subsequent recharge, the trial court instructed on felony murder but, in doing so, did not repeat the *Edge* "admonition." Appellant enumerates this recharge as error.

> While the court has a duty to recharge any part of the charge at the request of the jury, [cit.], the extent and character of any supplementary instructions are within the discretion of the court. [Cit.] In this case, where the jury [apparently requested a recharge on felony murder but apparently] did not request a recharge on [voluntary manslaughter], there was no error in the court's failure to give the recharge.

*Welch v. State*, 257 Ga. 197, 198 (1) (357 SE2d 70) (1987). See also *Williams v. State*, 263 Ga. 135, 136 (4) (429 SE2d 512) (1993). " ' "(T)he court is not bound to repeat all the law favorable to the accused." (Cits.)' [Cit.]" *Williams v. State*, 249 Ga. 6, 10 (6) (287 SE2d 31) (1982).

Moreover, the trial court did recharge the jury as follows:

> [A]gain, I want to caution you that just because I've given you these charges twice, you're not supposed to give them any more weight than you would the balance of the charge. You're supposed to consider in your deliberations at all times the charge in its entirety.

See *Williams v. State*, 263 Ga., supra at 137 (4); *Brown v. State*, 258 Ga. 152, 154 (4) (366 SE2d 668) (1988).

It follows that appellant's enumeration of the recharge as error is without merit.

2. The evidence adduced at trial showed that, after the murder victim tried to stop a fight at a night club, appellant began to fight with the murder victim. Appellant went to her car and obtained a knife. When she returned, she fought with the unarmed murder victim, eventually drawing the knife and stabbing her several times. Appellant also attacked two other women with the knife, succeeding in cutting their shirts only. This evidence was sufficient for a rational trier of fact to find appellant guilty beyond a reasonable doubt of the crimes charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Dismuke v. State*, 261 Ga. 254 (1) (403 SE2d 812) (1991).

*Judgments affirmed. All the Justices concur.*

DECIDED OCTOBER 25, 1993.

*Charles A. Aultman*, for appellant.

*Edward D. Lukemire, District Attorney, Dee Brophy, Assistant District Attorney, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Rachelle L. Strausner,* for appellee.