## S94A1161. JONES v. THE STATE.
(454 SE2d 482)

CARLEY, Justice.

Based upon the fatal shooting of a single victim, appellant was indicted for the following six offenses: malice murder; felony murder with aggravated assault as the underlying offense; two counts of aggravated assault; possession of a firearm during the commission of a crime; and, possession of a firearm by a convicted felon. He filed a motion to bifurcate his trial on the latter count from his trial on the other five counts. The bifurcation motion was denied and he was brought to trial before a jury on all six counts. The jury found him guilty of felony murder and possession of a firearm by a convicted felon. He appeals from the judgments of conviction and sentences entered by the trial court on the jury's guilty verdicts.[1]

1. The evidence showed that appellant shot the victim three times while engaged in a dispute over a debt stemming from a drug deal. Appellant contended that the drug deal was the result of his work as a confidential informant. However, the county drug enforcement officers testified that they had not given appellant authority to make the deal and knew nothing about the transaction. Before he died, the victim identified appellant as the assailant. Appellant was also identified by the victim's girl friend. Appellant did not deny shooting the victim, but contended that he acted in self-defense. However, the victim was unarmed and appellant's claim of self-defense was contradicted by eyewitness testimony. Appellant has a prior felony conviction for possession of cocaine.

When construed most favorably for the State, the evidence was sufficient to authorize a rational trier of fact to find proof, beyond a reasonable doubt, of appellant's guilt of possession of a firearm by a convicted felon and felony murder while in the commission of an aggravated assault. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Several of appellant's enumerations of error relate to the denial of his bifurcation motion.

Pursuant to *Head v. State*, 253 Ga. 429, 431 (3) (a) (322 SE2d 228) (1984), a bifurcation motion should be granted where the count charging possession of a firearm by a convicted felon "is unrelated to" any other count in the indictment. However, *Head*, supra at 432 (3) (d), also provides that a motion to bifurcate should be denied where

---

[1] The crimes occurred on November 7, 1992 and appellant was indicted on June 24, 1993. The guilty verdicts were returned on November 18, 1993 and, also on that date, the judgments of conviction were entered and the life and five-year sentences were imposed. Appellant filed a timely motion for new trial which was denied on March 24, 1994. His notice of appeal was filed on April 8, 1994. The case was docketed in this Court on April 22, 1994 and was orally argued on September 19, 1994.

the count charging the possession offense

> might be material to a more serious charge — as, for example, where the offense of murder and possession are charged in one indictment, and the possession charge might conceivably become the underlying felony to support a felony murder conviction on the malice murder count of the indictment. . . .

Here, both the malice murder and possession offenses were charged in one indictment and, because the homicide resulted from appellant's alleged use of the gun to commit an aggravated assault, the possession charge could support a felony murder conviction. See *Ford v. State*, 262 Ga. 602 (1) (423 SE2d 255) (1992). Accordingly, a verdict finding appellant guilty of committing felony murder with the possession offense as the predicate felony might be authorized if the malice murder and possession offenses were tried together. See *Jolley v. State*, 254 Ga. 624, 627 (2) (331 SE2d 516) (1985). Under the indictment and circumstances, such a felony murder could be considered "an included offense [of malice murder] as a matter of fact. [Cit.]" *Burke v. State*, 234 Ga. 512, 514 (2) (216 SE2d 812) (1975). It follows that, in ruling on appellant's motion to bifurcate, the trial court was authorized to find that the evidence might authorize a felony murder conviction on the malice murder count of the indictment, with the possession charge as the underlying felony. *Head*, supra at 432 (3) (d).

This principle established in *Head* is not limited to cases wherein the indictment charges malice murder as the only murder count. Nothing whatsoever in *Head* itself authorizes such a narrow construction of the applicability of its holding. By its express terms, *Head* refers generally to the case wherein malice murder and the possession offense are charged in the same indictment, without specifically excluding the case wherein additional alternative felony murder counts might also be contained in the indictment. In fact, this court has previously recognized the applicability of the principle to an indictment which, in addition to containing counts of malice murder and the possession offense, also alternatively charged the defendant with felony murder. See *Williams v. State*, 263 Ga. 135, 136 (1) (429 SE2d 512) (1993). In this case, felony murder with the possession offense as the predicate felony could be an included offense in the malice murder count as a matter of fact. *Burke v. State*, supra. Accordingly, the mere fact that appellant was alternatively indicted for felony murder with aggravated assault as the predicate felony would not prevent the possession charge from becoming the underlying felony supporting a felony murder conviction on the malice murder count. *Head*, supra at

432 (3) (d).

Here, the trial court did not give a charge on the possession offense as the predicate felony for a felony murder conviction and the jury found appellant guilty of felony murder with aggravated assault as the predicate felony. However, nothing in *Head* holds that a bifurcation motion must be granted unless the possession offense *actually* becomes the underlying felony which supports a felony murder conviction on the malice murder count of the indictment. All *Head* requires is that, at the *outset* of the trial when the motion is being considered, it is plausible that a felony murder conviction on the malice murder count could be supported by the possession offense. *Head*, supra at 432 (3) (d). It is immaterial that, at the *conclusion* of the trial, the possession offense ultimately did not serve that purpose. Since a charge on appellant's guilt of felony murder with the possession offense as the predicate felony would have been authorized as a possible verdict in the unbifurcated trial, the trial court's failure to have given such a charge is certainly not a basis for holding that appellant's bifurcation motion should have been granted. The failure to have given such a charge, coupled with the giving of a charge that the possession offense was not material to any other count of the indictment, was error which was beneficial to appellant, because the jury was thereby prevented from considering an additional count of felony murder as a viable alternative basis for convicting appellant.

Any suggestion that a finding of no error in the denial of appellant's motion to bifurcate will render *Head* meaningless is premised upon a misconstruction and misunderstanding of the holding in that case. *Head* was not a murder case. It was a case wherein an unbifurcated trial resulted in convictions for both armed robbery and the possession offense and, on appeal, the Court of Appeals affirmed. *Head v. State*, 170 Ga. App. 324 (316 SE2d 791) (1984). We granted certiorari and reversed, because the defendant's prior convictions had "nothing to do with any element of the robbery charge, except the forbidden (albeit perhaps the most illuminating) realm of character and propensity for violent crimes." *Head*, supra at 431 (2). In so holding, we specifically anticipated and found distinguishable a murder case, such as this, wherein the possession charge would be related to the other counts of the indictment, since it might plausibly become the underlying felony to support a felony murder conviction on the malice murder count. Accordingly, a holding that it was not error to deny appellant's bifurcation motion in this murder case is not only consistent with, but also is compelled by, the decision in *Head*. *Head* will continue to remain viable authority for the principle that a bifurcation motion should be granted in those cases wherein the possession charge is unrelated to another count in the indictment. A murder case, such as this, is not one of those cases. It follows that the trial

court correctly denied appellant's bifurcation motion.

3. On voir dire, the trial court did not abuse its discretion in refusing to allow appellant to ask whether the prospective jurors had previous personal experience in "collecting debts" which involved "hounding" and "threaten[ing] to kill" the debtor. *Cobb v. State*, 244 Ga. 344, 349 (5) (260 SE2d 60) (1979); *Pinion v. State*, 225 Ga. 36, 37 (4) (165 SE2d 708) (1969).

4. Appellant was not allowed to testify that, three hours before the fatal shooting, the victim claimed to have killed someone. The trial court's refusal to allow appellant to give this testimony is enumerated as error.

If the defendant in a murder case makes a prima facie case for justification, he is entitled to offer evidence of the victim's general reputation for violence. *Bennett v. State*, 254 Ga. 162, 164 (3) (a) (326 SE2d 438) (1985). However, such evidence must comport with the general rules of admissibility. Assuming without deciding that appellant's proposed testimony would relate to the victim's general reputation for violence, it nevertheless was clearly hearsay. *Mallory v. State*, 261 Ga. 625, 627 (2) (409 SE2d 839) (1991). Appellant urges that his proposed testimony would constitute admissible hearsay under OCGA § 24-3-3, since the previous claim attributed to the victim was a part of the res gestae of appellant's subsequent fatal shooting of the victim. However, the trial court found that the three-hour gap between the alleged claim by the victim and the fatal shooting by appellant rendered the former too attenuated to be considered a part of the res gestae of the latter. There was no abuse of discretion in this evidentiary ruling. *Andrews v. State*, 249 Ga. 223 (290 SE2d 71) (1982).

5. On direct examination, a witness for the State testified that he had seen appellant in possession of a gun prior to the fatal shooting, but did not believe that he saw appellant on "the day that [the victim] got shot." On cross-examination, appellant was not allowed to ask if the witness remembered giving a prior statement concerning what he "heard" on the day of the shooting. The trial court's refusal to allow appellant to pursue cross-examination on this topic of the witness's prior statement is enumerated as error.

Appellant urges that the cross-examination was a relevant attempt to lay the foundation for impeachment of the witness pursuant to OCGA § 24-9-83. However, the witness's testimony on direct that he did not believe that he had seen appellant on the day of the shooting is in no way inconsistent with any prior statement given by him concerning what he may have heard on that day.

Any testimony as to what the witness may have heard on the day of the shooting likewise would not be independently admissible as non-impeaching evidence. Such testimony would be hearsay and there was no attempt to show that it would come within the res gestae or

any other exception to the hearsay rule.

6. Appellant filed no pre-trial challenge to the admissibility of the inculpatory statement he had given to the investigating officer. At trial, the officer testified that appellant received the *Miranda* warnings and signed a written waiver before making the statement. There was no error in admitting appellant's statement into evidence over the objection that the officer's testimony was insufficient to lay the foundation therefor. *Craver v. State*, 246 Ga. 467 (1) (271 SE2d 862) (1980).

*Judgments affirmed. All the Justices concur, except Benham, P. J., Fletcher and Thompson, JJ., who dissent.*

FLETCHER, Justice, dissenting.

The majority opinion omits the critical fact in this case: the trial court ruled that the possession of a firearm by a convicted felon charge was not related to any murder charge. The effect of the majority opinion is to eliminate the bifurcation requirement in all murder cases in violation of a defendant's constitutional right to due process. See U. S. Const., amend. XIV; Ga. Const., Art. I, Sec. I, Par. I.

Marvin Kirk Jones moved to bifurcate the trial on Count 6 from the trial on the other five counts, arguing that the charge on possession of a firearm by a convicted felon was unrelated to any felony murder charge because the state had specified aggravated assault as the underlying felony. The trial court denied the motion, but in the jury charge instructed the jury to consider Count 6 separately from the other five counts because it was not related.[2]

1. In *Head v. State*, 253 Ga. 429 (322 SE2d 228) (1984), this court recognized the prejudice to defendants when prior unrelated convictions are introduced at trial that have nothing to do with any element of the charge except the "forbidden . . . realm of character and propensity for violent crimes." Id. at 431. As a result, this court established procedures that would permit the admission of prior convictions yet protect the rights of the accused. Although three judges thought that the trial on the possession charge should be severed and held before a different jury, a majority concluded that bifurcation would satisfy due process. Under *Head*, if the charge of possession of a firearm by a convicted felon is unrelated to another count, the trial court should bifurcate the proceedings so that the jury should decide

---

[2] The trial court stated:
[N]ow, the fact here in Count Number Six, that mentions that he is a convicted felon. That has nothing to do with the other charges against him, the other five counts. You will not consider that as having anything to do with the other counts. In other words, that fact has nothing to do with the other counts. You consider the other counts separately from that count . . . but in this Count Number Six, that does not have anything to do with your other counts. That is considered separately.

the more serious charge first, then undertake to decide the possession of firearms charge.

The facts in this case meet the requirements for bifurcation under *Head*. Although Jones' prior conviction for possession of cocaine was material to the firearm possession charge, it was irrelevant to the murder charge, as the trial court ruled. The only purpose for trying the firearm possession count during the murder trial was to prejudice Jones by introducing evidence that he was a convicted felon. Moreover, the evidence was harmful given Jones' theory that he was working as a confidential drug informant and shot the victim in self-defense. Because evidence of Jones' prior criminal record was not material to the murder charges and was prejudicial, the felony murder conviction should be reversed.

2. The majority opinion eliminates the requirement of bifurcation in any murder trial through a broad reading of an example used in *Head*. The court in *Head* concluded that bifurcation was not needed in cases

> where the offense of murder and possession are charged in one indictment, and the possession charge might conceivably become the underlying felony to support a felony murder conviction on the malice murder count of the indictment.

Id. at 432.

This example does not apply here. Jones was indicted for both malice murder and felony murder. The trial court instructed the jury that if it found Jones not guilty of malice murder, it was to consider the felony murder charge under Count 2. As part of the felony murder charge, the trial court defined the offense of aggravated assault, the underlying felony listed in the indictment. These facts alone indicate that the possession charge could not "conceivably become the underlying felony to support a felony murder conviction on the malice murder count of the indictment." No jury would spontaneously consider the possession charge as an underlying felony to felony murder when the indictment included a separate felony murder count with a different underlying felony. The facts in this case, however, are even stronger because the trial court directed the jury that it could not consider Count 6 along with any other count. Therefore, the trial court concluded as a matter of law that the possession charge was not material to the more serious charge of murder. Given this conclusion, it is irrelevant that it is "plausible" that a possession offense could support a felony murder conviction on the malice murder count. Due process requires more than plausibility, particularly when the record demonstrates that the "plausible" was impossible. Where the trial court has instructed the jury that the firearm possession charge could

not be considered as part of any other charge, it is inconceivable that a jury would ignore its instructions and consider the possession charge as the underlying felony for felony murder on any count of the indictment.

I would hold that bifurcation is required when the indictment lists malice murder and felony murder as alternative murder counts and the underlying felony on the felony murder count is a felony other than possession of a firearm by a convicted felon. A failure to bifurcate in this situation violates due process.

I am authorized to state that Presiding Justice Benham and Justice Thompson join this dissent.

DECIDED MARCH 13, 1995.

*John L. Tracy*, for appellant.

*Britt R. Priddy*, District Attorney, *Michael J. Bowers*, Attorney General, *Susan V. Boleyn*, Senior Assistant Attorney General, *Paige R. Whitaker*, Assistant Attorney General, for appellee.