S98A0090. HAYNES v. THE STATE.
(496 SE2d 721)

THOMPSON, Justice.

Jonathan Haynes was convicted of malice murder, aggravated assault, possession of a firearm during the commission of a felony, and possession of a firearm by a convicted felon, in the shooting death of Victor Battle.[1] Finding no error, we affirm.

---

[1] The crimes occurred in Chatham County on October 11, 1994. A true bill of indictment was returned on June 28, 1995, charging Haynes with malice murder, felony murder (two counts), aggravated assault (two counts), possession of a firearm during the commission of a felony, possession of a firearm by a convicted felon, kidnapping with bodily injury, as well as a recidivist count under OCGA § 17-10-7 for purposes of sentence enhancement. Trial began on November 28, 1995, and on November 30, 1995, Haynes was found guilty of malice murder, aggravated assault (one count), and the two firearm possessions counts. He was sentenced on the same day to life imprisonment for malice murder, a concurrent five years for

Viewed in a light most favorable to the verdict, the evidence shows that Haynes and his friends had been playing cards and drinking gin at the apartment of Sharon Williams. Battle joined them for a short time. After he left, the others noticed that a musical compact disk was missing. Believing that Battle had stolen the CD, Haynes and others left the apartment to find him. They located Battle and brought him back to Williams' apartment, where they strip-searched and then beat him. Battle denied taking the CD, and they did not find it on his person. Nevertheless, he was taken outside where Haynes and his friends threw him to the ground and continued to kick and beat him.

Williams testified that she watched the beating from her front porch and was then told by a friend of Haynes' to go inside because "they got iron and were fixing to smoke [Battle]." She observed gunfire from her window, heard five shots, and saw that Haynes was standing closest to the victim. Haynes then returned to Williams' apartment where he washed his hands with bleach.

Haynes' co-defendant told police in a custodial statement that during the beating, Haynes obtained a gun from one of the onlookers and shot the victim six or seven times. The co-defendant testified at trial, recanting that statement. Haynes also confessed to authorities that he shot the victim with a .38 revolver. But Haynes, too, recanted his confession during trial, implicating his brother instead.

The victim died as a result of multiple gunshot wounds fired from a Colt .38 revolver.

1. The evidence was sufficient under the standard of *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), to find Haynes guilty beyond a reasonable doubt of the crimes for which he was convicted.

2. Haynes asserts that evidence of his co-defendant's custodial statement constituted a violation of the *Bruton* rule. Since there was no *Bruton* objection at trial, he is foreclosed from raising this claim on appeal. See generally *Ledford v. State,* 264 Ga. 60 (4) (439 SE2d 917) (1994). Nevertheless, "[o]nce appellant's co-defendant took the stand and answered questions concerning his statement, he was subject to cross-examination by the appellant and the *Bruton* rule had no application." *Depree v. State,* 246 Ga. 240, 242 (1) (271 SE2d 155) (1980).

3. Haynes asserts that the court committed reversible error in

possession of a firearm during commission of a felony, and a consecutive five years for possession of a firearm by a convicted felon. A motion for new trial was filed on December 6, 1995, and was denied on July 8, 1997. A notice of appeal was filed on July 22, 1997. The case was docketed in this Court on October 7, 1997, and was submitted for decision on briefs on November 24, 1997.

refusing to bifurcate the prosecution of the convicted felon firearms charge from the remaining offenses.

Bifurcation of charges should be denied where the count of the indictment charging the possession offense " 'might be material to a more serious charge — as, for example, where the offense of murder and possession are charged in one indictment, and the possession charge might conceivably become the underlying felony to support a felony murder conviction on the malice murder count of the indictment.' " *Jones v. State*, 265 Ga. 138, 139 (2) (454 SE2d 482) (1995), quoting *Head v. State*, 253 Ga. 429, 431 (3) (a) (322 SE2d 228) (1984). The present indictment charged Haynes, inter alia, with malice murder, felony murder with the predicate felony of possession of a firearm by a convicted felon, and aggravated assault. Under *Jones*, bifurcation of the charges was not authorized.

4. Haynes asserts that the trial court erred in allowing introduction into evidence of a custodial statement made by him after he asserted his right to an attorney.

The uncontroverted evidence at a *Jackson v. Denno* hearing established that shortly after Haynes was taken to the police station, *Miranda* warnings were administered, he acknowledged that he understood his rights, and he elected to make a statement to the investigating officers. In this first statement, which was transcribed and signed, Haynes made no mention of the shooting. When the officers thereafter questioned him about conflicting statements given by other witnesses, Haynes invoked his right to counsel. The questioning ceased immediately, and the two officers left Haynes alone in the interview room. Another officer thereafter entered the interview room to get something from a refrigerator and was surprised to find Haynes in there. That officer testified that he did not initiate any conversation with Haynes, but that Haynes volunteered that his previous statement had been untrue because he had not wanted to implicate his cousin. The officer asked Haynes if he wanted to make corrections to that statement, and Haynes reiterated that he did not want to get his cousin in trouble. At Haynes' request, a stenographer was brought into the interview room, and he proceeded to give a second statement in the presence of all three officers. In this signed statement, Haynes admitted beating and shooting the victim.

Under *Edwards v. Arizona*, 451 U. S. 477 (101 SC 1880, 68 LE2d 378) (1981), authorities may not interrogate a suspect who has requested an attorney, unless counsel is made available to the accused *or* the accused initiates further communication with the police. See *Jordan v. State*, 267 Ga. 442 (1) (480 SE2d 18) (1997).

The trial court was authorized to conclude that Haynes voluntarily initiated the continued discussions with the officers, and that he knowingly and intelligently waived his right to counsel. Moreover, a

reviewing court may look to all the evidence of record in determining the admissibility of a confession, *Stapleton v. State*, 235 Ga. 513, 516 (1) (220 SE2d 269) (1975), and the correctness of the court's ruling is borne out by Haynes' own direct examination during trial. When he was asked about the circumstances of his second statement, he testified that he told the officer who entered the interrogation room: "The [first] statement I just gave was a false statement, that I want to give the real statement. I don't know what made me [do] it, but I blame myself for it."

Nor was the second statement rendered inadmissible merely because five hours had elapsed since *Miranda* warnings had been administered. See generally *Osborne v. State*, 263 Ga. 214 (4) (430 SE2d 576) (1993); *Stapleton*, supra at 517.

5. Haynes' co-defendant offered evidence of his own good character, and accordingly requested a jury instruction on good character. Haynes now asserts that the giving of the pattern jury instruction constituted reversible error.

As in *Woods v. State*, 240 Ga. 265, 271 (9) (239 SE2d 786) (1977), "[t]he general charge on good character was not error. This was a joint trial and appellant's co-defendant introduced evidence of good character. In our opinion no harm resulted to appellant."

*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 9, 1998.

*June E. Fogle*, for appellant.

*Spencer Lawton, Jr., District Attorney, Thomas M. Cerbone, Assistant District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Elizabeth L. Jaeger, Assistant Attorney General,* for appellee.