S98A0849. BOWDEN v. THE STATE.
(504 SE2d 699)

HINES, Justice.

A jury found Jerry Larry Bowden guilty of malice murder, two counts of felony murder, and two counts of possession of a firearm by a convicted felon in connection with the fatal shooting of Willie James Walker.[1] Bowden appeals his convictions, challenging the sufficiency of the evidence, the denial of his pretrial motion to bifurcate counts in the indictment, and the lack of jury instructions on the defense of justification and the admission of evidence of prior felony convictions. The challenges are without merit, and we affirm.

The evidence construed in favor of the verdicts showed that on the afternoon of April 22, 1996, Willie James Walker was at Bowden's home visiting Towanda Lassiter, Bowden's tenant. Bowden and his wife allowed Lassiter to rent a room on the condition that Lassiter not have men over or anyone visit the house while Bowden was there. Bowden arrived home while Lassiter and Walker were having sex in Lassiter's bedroom. Bowden banged on Lassiter's door, demanding that they come out of the bedroom; Bowden tried to open the locked door. Lassiter and Walker quickly dressed and Lassiter let Bowden in. Bowden had a .357 Magnum revolver in his hand and aimed it at Walker. Lassiter tried to deter Bowden by raising her hand and she and Bowden began to struggle. Lassiter told Walker to leave and Walker ran out of the room, down the steps and into the kitchen. Bowden ordered Lassiter to let go of his hand and Lassiter complied, thinking that Bowden was going to hit her with the gun. Bowden ran down the steps after Walker with Lassiter following closely behind.

---

[1] The crimes occurred on April 22, 1996. During the August Term, 1996, a Clayton County grand jury indicted Bowden for malice murder; murder while in the commission of aggravated assault; murder while in the commission of possession of a firearm by a convicted felon; possession of a firearm (a Taurus .357 Magnum revolver) by a convicted felon; and possession of a firearm (a Charter Arms .38 special revolver) by a convicted felon. A jury found Bowden guilty of all counts on July 30, 1997, and he was sentenced to life imprisonment without the possibility of parole pursuant to OCGA § 17-10-7 (b) for the malice murder and a concurrent five years incarceration for possession of a firearm (a Charter Arms .38 special revolver) by a convicted felon. The court found that the remaining firearm possession charge merged into the malice murder count, and both felony murder counts stood vacated by operation of law pursuant to OCGA § 16-1-7. Bowden's motion for new trial was filed on August 29, 1997, amended on November 13, 1997, and denied on November 24, 1997. The notice of appeal was filed on December 23, 1997, and the appeal was docketed in this Court on March 4, 1998. The case was orally argued on May 11, 1998.

Walker was in the kitchen trying unsuccessfully to unlock the dead-bolted door. Bowden ran toward Walker who immediately crouched down and covered his head. Bowden began to hit Walker. Lassiter screamed for Bowden to stop, pleading that Walker had not done anything. Bowden backed away for a few seconds. Lassiter continued to ask Bowden to leave Walker alone. Walker put his hands in front of his face, held onto his car keys, and pleaded with Bowden to let him go. Bowden ground his teeth, paced back and forth, and continued to point the gun at Walker. Bowden then shot Walker with the .357 Magnum, fatally wounding him in the throat. Bowden told Lassiter to call 911 "because that m_____ f_____ is dead." Bowden got on the telephone and told the 911 operator that he shot Walker. Bowden explained that "[Walker] was up here in my house with some woman that was rooming here and I caught him in the house, he tired [sic] to run out the door . . . . I shot at him, then it hit, the bullet hit him. He was trying to go out my back — out, out my back door."

The police recovered the .357 Magnum revolver from Bowden's residence as well as a .38 snub-nosed revolver. Both weapons had been in the Bowden home for years, and Bowden had shown them to Lassiter.

1. Bowden contends that the trial court erred in refusing to bifurcate trial of the charges of malice murder and murder while in the commission of aggravated assault from the remaining counts which involve possession of a firearm by a convicted felon, thereby improperly placing his character into issue. However, the trial court did not err in denying bifurcation where, as in this case, the counts charging the possession offense are material to the more serious charge of murder. *Jones v. State*, 265 Ga. 138 (2) (454 SE2d 482) (1995); *Head v. State*, 253 Ga. 429, 432 (3) (d) (322 SE2d 228) (1984).

2. Bowden likewise fails in the contention that the trial court committed reversible error when it did not give the jury limiting instructions regarding the admission into evidence of his two prior convictions (larceny of an automobile) underlying the firearm possession charges. Bowden neither objected nor made a request for limiting instructions at the time the convictions were placed in evidence. *Williams v. State*, 263 Ga. 135, 136 (2) (429 SE2d 512) (1993). What is more, in charging the jury, the court explained the felonious nature of larceny of an automobile in the context of defining the elements of the crime of being a convicted felon in possession of a firearm. Thus, it was plain the jury was to consider the prior felonies for the purpose of determining guilt of the possession counts.

3. Bowden urges that it was reversible error for the court to fail to charge the jury on justification, which he claims was his sole defense. It is certain that, even in the absence of a written request, a

trial court must instruct the jury on a defendant's sole defense if there is some evidence to support such an instruction. *Tarvestad v. State*, 261 Ga. 605, 606 (409 SE2d 513) (1991). But that was not the case here. There was no evidence to support a jury charge on justification under OCGA § 16-3-20. See *Williams v. State*, 267 Ga. 771, 774 (2) (c ) (482 SE2d 288) (1997). The uncontroverted evidence, including Bowden's own statements, was that Bowden shot the victim as he was trying to leave the premises; regardless of the victim's youth, body size or the presence of drugs in his system, there was no hint of a confrontation with Bowden or that Bowden was fearful for his own safety or that of others in the house.

4. Lastly, Bowden challenges the sufficiency of the evidence, asserting that the testimony of the State's key witness, Lassiter, was biased and impeached by other evidence at trial. But, it was the jury's role to assess the credibility of the witnesses, resolve any conflicts in the evidence, and arrive at a determination of the facts. *Hodnett v. State*, 269 Ga. 115, 116 (1) (498 SE2d 737) (1998). The evidence was sufficient for the jury to find Bowden guilty beyond a reasonable doubt of malice murder and the related crimes for which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgments affirmed. All the Justices concur.*

BENHAM, Chief Justice, concurring.

While I concur fully in all that is said in the majority opinion, I write separately because I believe it is important to the edification of the bench and bar to note that the trial court's judgment is incomplete. As noted in footnote 1 of the majority opinion, the trial court merged the firearm possession charge which was the predicate felony for one of the felony murder counts into the malice murder conviction. Thus, Bowden was sentenced for only one of the firearm possession charges. In *Malcolm v. State*, 263 Ga. 369 (5) (434 SE2d 479) (1993), this Court held that a conviction for a felony upon which a felony murder conviction is based does not merge into the felony murder conviction when the felony murder conviction is vacated on account of conviction of malice murder. Instead, we held in *Malcolm*, the proper consideration under those circumstances is whether the underlying felony is included as a matter of fact in malice murder. The trial court apparently undertook that analysis, but was incorrect in its conclusion that the firearm possession charge merged into the malice murder charge. The evidence adduced at trial showed that Bowden was still in possession, at the time of his arrest, of the firearm used in the murder. Thus, as was the case in *Malcolm*, the firearm possession count for which Bowden was not sentenced was not included as a matter of fact in the malice murder count, and Bowden

should have been sentenced for both counts of possession of a firearm by a convicted felon.

I am authorized to state that Justice Hunstein and Justice Carley join in this concurrence.

DECIDED SEPTEMBER 21, 1998 —
RECONSIDERATION DENIED OCTOBER 23, 1998.

*Emmett J. Arnold IV,* for appellant.

*Robert E. Keller, District Attorney, David B. Hornsby, Verda Andrews-Stroud, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Jayson Phillips, Assistant Attorney General,* for appellee.