## A09A0599. BARNES v. THE STATE.
(678 SE2d 218)

BARNES, Judge.

Shonta Barnes appeals her convictions for voluntary manslaughter, aggravated assault, and possession of a firearm during the commission of a felony. She contends the trial court erred in its response to the jury's question whether there was a difference between aggravated assault and self-defense. The trial court answered "yes," but, according to Barnes, the trial court confused the jury with its answer to another question by telling the jury that it could find Barnes guilty of aggravated assault and not guilty of murder. Finding no reversible error, we affirm.

Barnes does not challenge the sufficiency of the evidence to sustain her convictions, any of the trial court's rulings on evidentiary issues, or the sufficiency of the trial court's initial jury charge. The only error she asserts concerns the trial court's response to the two questions from the jury.

After the close of the evidence and during the jury's deliberations, the jury sent out the following question: "Is there a difference between aggravated assault and self-defense?" In addition, the jury posed an oral question, through the deputy, whether it was legal to find Barnes guilty of aggravated assault, but not of murder. The court answered "yes" to both questions. Barnes contends that in the circumstances of this case answering "yes" was "entirely insufficient, incorrect, and harmful to her." She argues that the questions reflected the jury's fundamental confusion about the instructions given to them and showed that they were uncertain whether self-defense applied to aggravated assault.

In Georgia,

> the necessity, extent, and character of any supplemental instructions to the jury are matters within the sound discretion of the trial court. Our review is limited to determining whether that discretion was abused, taking into account the sensitive nature of the judge's responsibility at this stage of the trial and the duty of the trial judge to provide impartial and effective guidance on the law for the jury to follow in its deliberations. Reviewing the additional instructions ... in this light, we do not believe that the court exceeded its discretion in giving them.

(Citation and punctuation omitted.) *Litmon v. State*, 186 Ga. App. 762, 762-763 (2) (368 SE2d 530) (1988). In particular, the trial court did not abuse its discretion by confining its response to the jury's questions only to the matters raised in the jury's inquiry. *Brown v. State*, 258 Ga. 152, 154 (4) (366 SE2d 668) (1988). Furthermore, Barnes waived any objection she might have had when, in response to the trial court's statement that it was taking advice about what to say, her counsel stated that, "I'm okay with you answering yes." "[D]efense counsel's statement to the court was tantamount to a request to so charge. Induced error is impermissible. [Cits.]" *Edwards v. State*, 235 Ga. 603, 604 (2) (221 SE2d 28) (1975).

Accordingly, this enumeration of error is without merit, and Barnes' convictions are affirmed.

*Judgment affirmed. Miller, C. J., and Andrews, P. J., concur.*

DECIDED MAY 12, 2009.

*Carl P. Greenberg*, for appellant.
*Paul L. Howard, Jr., District Attorney, John O. Williams, Assistant District Attorney*, for appellee.