Hunstein, Justice,
dissenting.
When Colton’s statement is examined under the totality of the circumstances, as we are required to do, see Johnson v. State, 295 Ga. 421 (2) (761 SE2d 13) (2014), I reach the inescapable conclusion that Colton did not make his statement voluntarily. Therefore, I must dissent.
A mere 30 hours before he gave his statement to police, Colton had been in a car wreck; was too intoxicated to communicate with medical personnel; was combative, aggressive, and in intense pain; and was placed in an ICU unit. Upon his release from the hospital, he was immediately transported to the sheriff’s office for interrogation. At the time he gave his statement, the 17-year-old juvenile’s hands and face were still swollen and injured, and he appeared puzzled and did not know why he was brought to j ail. An expert child psychologist, who had tested Colton a few years before the incident and reviewed his most recent records, testified at trial[6] that Colton suffers from a mild intellectual disability. She noted that, as of one year prior to the incident, he had an I.Q. of 62 and read at a third-grade level, meaning that he would not be able to read food labels or comic books and would not easily understand words such as “yesterday” or “sentence.” In her expert opinion, Colton would have had difficulty understanding many of the words in the Miranda waiver form, such as “statement,” “officer,” “initial,” “form”; would not have understood the concept that he had the right to remain silent; and would have been less likely to ask for help. Finally, she opined that a person with Colton’s mental capacity, particularly coupled with his injuries, would be less likely to *181 understand his rights. When viewed in its entire context, Colton’s statement was not made knowingly and voluntarily.
Decided November 17, 2014.
Jennifer A. Trieshmann, for appellant.
Peter J. Skandalakis, District Attorney, Robert N. Peterkin, Assistant District Attorney, Samuel S. Olens, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Ryan A. Kolb, Assistant Attorney General, for appellee.
Even if his co-defendant’s statement was admitted, there is no doubt in my mind that Colton’s statement influenced the jury’s verdict and contributed to his conviction, making it a harmful error. See Yancey v. State, 275 Ga. 550, 557 (3) (570 SE2d 269) (2002) (“Whether a constitutional violation constitutes harmless error depends on whether the state can prove beyond a reasonable doubt that the error did not contribute to the verdict.”). Accordingly, I would reverse.
I am authorized to state that Justice Benham concurs in this dissent.

 In. determining the admissibility of a confession, we may look to all of the evidence in the record. Haynes v. State, 269 Ga. 181 (4) (496 SE2d 721) (1998).