Blackwell, Justice.
Quentin Cooks was tried by a Fulton County jury, and he was convicted of murder and several other crimes in connection with the fatal shooting of Shawn Powe. Cooks appeals, contending that he was denied the effective assistance of counsel and that the trial court erred when it prohibited him from presenting evidence of prior acts of violence committed by Powe against third parties. We find no merit in Cooks’s claims, but we note that the trial court erred when it failed to sentence him for unlawful possession of a firearm by a convicted felon. Accordingly, we affirm in part, vacate in part, and remand this case for resentencing.[1]
1. Viewed in the light most favorable to the verdict, the evidence shows that on the evening of January 5, 2005, Powe — who was only 15 years old — borrowed a .44 caliber revolver from a friend. While Powe was showing off the gun to a group of boys in his southeast Atlanta apartment complex, Cooks—who was 19 years old—approached and asked if he could borrow the gun to commit a robbery that night. *788 Powe initially expressed interest in joining Cooks for the robbery, but he ultimately allowed Cooks to leave the apartment complex with the revolver.
Powe soon became suspicious that Cooks intended to steal the gun. Indeed, Cooks told a friend that he would kill Powe before returning the gun to him. Powe spent the next several hours looking for Cooks, including twice asking Cooks’s mother if she knew where her son was. Cooks attempted to elude Powe, but Powe eventually located him in a neighbor’s apartment. Cooks told Powe that he would buy the gun, and around 1:00 on the morning of January 6, he offered to walk Powe back to his apartment. One of Powe’s friends followed Cooks and Powe. As they walked through a construction site near Powe’s apartment, the friend saw Cooks pull out the revolver, and the friend heard several gunshots. Powe’s body was found by construction workers later that morning. He had been shot in the head and chest.
Later that day, Cooks provided a statement to police in which he acknowledged taking the gun from Powe, but he said that he sold the gun and never saw Powe again. Cooks then had conversations with at least two of his neighbors about what they were telling police, and he told one neighbor that he had seen her talking to officers and that he would “kill her too.” That same day, Cooks’s mother saw Powe’s photograph on the television news, and she recognized him as the teenager who had been looking for her son the previous night. She asked Cooks if he had shot Powe, and Cooks acknowledged that he had done so to “protect [ ] his family.” When law enforcement officers arrived at Cooks’s apartment to arrest him, he fled out a window, but he was apprehended a few days later in Albany.
Cooks does not dispute that the evidence is sufficient to sustain his convictions. Nevertheless, we have independently reviewed the record with an eye toward the legal sufficiency of the evidence. We conclude that the evidence adduced at trial was legally sufficient to authorize a rational trier of fact to find beyond a reasonable doubt that Cooks was guilty of the crimes of which he was convicted. See Jackson v. Virginia, 443 U. S. 307, 319 (III) (B) (99 SCt 2781, 61 LE2d 560) (1979). See siso Anthony v. State, 298 Ga. 827, 829 (1) (785 SE2d 277) (2016) (“[t]he jury is free to reject any evidence in support of a justification defense and to accept the evidence that the shooting was not done in self-defense”).
2. Cooks was found guilty of malice murder and two counts of felony murder, and the trial court properly sentenced him for malice murder. The trial court purported to merge the felony murders — which were predicated on aggravated assault and unlawful possession of a firearm by a convicted felon — into the malice murder. But *789 as noted in footnote 1, supra, the felony murders were vacated by operation of law. And because the trial court failed to recognize that the felony murder counts were vacated, it erroneously merged the underlying crime of unlawful possession of a firearm by a convicted felon into the felony murder predicated on that crime. As a result, the trial court failed to sentence Cooks for a crime for which he was found guilty and properly should have been convicted and sentenced. Accordingly, we vacate that portion of the trial court’s sentencing order in which it merged unlawful possession of a firearm by a convicted felon into one of the vacated felony murders, and we remand for sentencing on that count. See Hulett v. State, 296 Ga. 49, 52-56 (2) (766 SE2d 1) (2014).
3. Cooks contends that he was denied the effective assistance of counsel because his trial lawyer failed to ask the trial court to sever the count of unlawful possession of a firearm by a convicted felon so that he could be separately tried on that charge. And because of that failure, Cooks says, the jury learned that he had a prior conviction for unlawfully entering an automobile. To prevail on a claim of ineffective assistance, Cooks must prove both that the performance of his lawyer was deficient and that he was prejudiced by this deficient performance. Strickland v. Washington, 466 U. S. 668, 687 (III) (104 SCt 2052, 80 LE2d 674) (1984). To prove that the performance of his lawyer was deficient, Cooks must show that she performed her duties at trial in an objectively unreasonable way, considering all the circumstances, and in the light of prevailing professional norms. Id. at 687-688 (III) (A). See also Kimmelman v. Morrison, 477 U. S. 365, 381 (II) (C) (106 SCt 2574, 91 LE2d 305) (1986). And to prove that he was prejudiced by the performance of his lawyer, Cooks must show “a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.” Strickland, 466 U. S. at 694 (III) (B). See also Williams v. Taylor, 529 U. S. 362, 391 (III) (120 SCt 1495,146 LE2d 389) (2000). This burden is a heavy one, see Kimmelman, 477 U. S. at 382 (II) (C), and we conclude that Cooks has failed to carry it.
Cooks correctly argues that “in cases where a felon-in-possession firearm charge is unrelated to another count for which the defendant is to be tried, the proceedings should be bifurcated so that the jury will hear and decide the more serious charge(s) before learning about the firearm charge and the defendant’s prior conviction.” Brown v. State, 295 Ga. 804, 807 (3) (764 SE2d 376) (2014) (citation and punctuation omitted). But where, as here, “the count charging possession of a firearm by a convicted felon might serve as the underlying felony supporting a felony murder conviction,” a motion to bifurcate should *790 be denied. Id. (citation and punctuation omitted). Moreover, bifurcation would also have been inappropriate in this case because Cooks was charged with malice murder, and Cooks’s status as a convicted felon would have allowed the jury to find him guilty of the lesser offense of felony murder (based on the felon-in-possession charge) even if Cooks had not been charged separately with that crime. See Jones v. State, 265 Ga. 138, 139 (2) (454 SE2d 482) (1995). And because the trial court would have denied any motion to bifurcate, Cooks has failed to show that his lawyer’s performance was deficient for failing to file such a motion. See Moss v. State, 298 Ga. 613, 617 (5) (a) (783 SE2d 652) (2016) (“The failure to make a meritless motion or objection does not provide a basis upon which to find ineffective assistance of counsel.” (Citation and punctuation omitted)).[2]
4. Finally, Cooks asserts that the trial court erred when it prohibited him from introducing evidence that he contends would have shown specific acts of violence committed by Powe against third parties. Under our former Evidence Code, which applies in this case,[3] evidence of specific ácts of violence committed by the victim against third parties could be introduced under the conditions described in Chandler v. State, 261 Ga. 402, 407-408 (3) (405 SE2d 669) (1991).[4] Here, Cooks sought to show that Powe had been hired to kill someone or to beat someone with a bat, but Cooks had no competent evidence to support those claims, other than that — as he was allowed to inform the jury — Powe once had been seen with a bloody bat. See Laster v. State, 268 Ga. 172, 174 (2) (486 SE2d 153) (1997) (defendant must establish the existence of prior violent acts by competent evidence). And the other evidence that Cooks claims was admissible under Chandler — that Powe possessed guns “on a regular basis” and that the father of one of Powe’s friends was violent — did not constitute a specific act of violence committed by Powe against a third *791 party. See Brown, 295 Ga. at 813 (5) (d) (the burden was on the defendant to show that “the alleged victim’s prior acts involved violence toward a third party,” and merely possessing a firearm — even if done so illegally — “is not a ‘specific act of violence’ against a third party, without proof of a specific victim”). Moreover, the trial court specifically informed Cooks that he was permitted to introduce evidence of Powe’s general reputation for violence. And Cooks presented evidence that Powe was known to carry multiple guns, that the father of Powe’s friend was “a very powerful” drug dealer, and that Powe wanted to rob someone with the revolver that he possessed on the evening of January 5, 2005. Cooks has failed to show that the trial court prevented him from introducing any evidence of specific acts of violence against third persons that should have been admitted under our former Evidence Code.
Decided October 17, 2016.
Barbara M. Collins, for appellant.
Paul L. Howard, Jr., District Attorney, Paige Reese Whitaker, Michael V. Snow, Assistant District Attorneys; Samuel S. Olens, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Meghan H. Hill, Assistant Attorney General, for appellee.

Judgment affirmed in part and vacated in part, and case remanded for resentencing.

All the Justices concur.

 Powe was killed on January 6, 2005. Cooks was indicted on April 15, 2005, and he was charged with malice murder, two counts of felony murder, aggravated assault, unlawful possession of a firearm during the commission of a felony, and unlawful possession of a firearm by a convicted felon. Cooks’s trial began on April 9, 2007, and the jury returned its verdict on April 16, finding Cooks guilty on all counts. On the same day, the trial court sentenced Cooks to imprisonment for life for malice murder and imprisonment for a consecutive term of five years for unlawful possession of a firearm during the commission of a felony. The verdicts on the two counts of felony murder were vacated by operation of law, and the aggravated assault merged with the malice murder. Malcolm v. State, 263 Ga. 369, 371-374 (4), (5) (434 SE2d 479) (1993). As to the verdict on unlawful possession of a firearm by a convicted felon, the trial court erroneously determined that it also merged for sentencing purposes. See Division 2, infra. Cooks timely filed a motion for new trial on April 20, 2007, and he amended it on April 18, 2014 and February 27, 2015. The trial court denied his motion on June 23, 2015, and Cooks timely filed a notice of appeal on July 17,2015. His appeal was docketed in this Court for the April 2016 term, and it was submitted for decision on the briefs.

 Cooks also claims that the trial court erred when it allowed the State to impeach him with his prior convictions. But the record shows that the only evidence presented to the jury related to Cooks’s prior convictions was his stipulation that he had been convicted of unlawfully entering an automobile. The record also shows that the State did not, in fact, impeach Cooks with evidence of his prior convictions or seek to introduce the convictions into evidence. As a result, to the extent that the trial court ruled that the State would be allowed to impeach Cooks with his prior convictions, any error in that ruling is moot. See Lawler v. State, 276 Ga. 229, 233 (4) (d) (576 SE2d 841) (2003) (whether evidence was properly ruled as admissible is moot when evidence is not tendered and admitted at trial).

 Because his trial took place in 2007, Cooks was tried under our former Evidence Code. See Ga. L. 2011, pp. 99, 214, § 101.

 We note that “the evidentiary rule set forth in Chandler does not remain viable under the new Evidence Code” and that “as a general rule, character evidence of a victim is limited [under the new Evidence Code] to reputation or opinion, not specific bad acts.” Mohamud v. State, 297 Ga. 532, 536 (3) (773 SE2d 755) (2015) (footnote and emphasis omitted).